Harry B. Frank, J.
Plaintiff seeks a declaratory judgment against the defendants, Harbil Restaurant, Inc., its assured, and Anthony Chiarmonte, who seeks in a separate action to recover damages sustained by him by virtue of an alleged assault on the premises of the defendant Harbil Restaurant, Inc. Any recovery by Chiarmonte in the action for assault would be covered by the terms of the policy herein.
The claim of the defendant Chiarmonte arises out of an incident which occurred on the 3d day of September, 1955, at a bar and grill owned and operated by the defendant Harbil, at 111 Third Avenue, New York City. On the night in question Anthony Chiarmonte entered the premises owned by the defendant Harbil Restaurant, for the purpose of availing himself of the lavatory facilities therein.
It further appears that, while attempting to enter the lavatory, he was confronted with another individual occupying the same, who, it is alleged, ejected him bodily therefrom; and it is alleged that the person in the lavatory followed him out into the restaurant premises, where they engaged in an altercation, during which defendant Anthony Chiarmonte received serious injuries by virtue of knife wounds; that, as a result of this incident, Chiarmonte was taken to a hospital, where he was confined for a period of time and treated for the serious injuries inflicted upon him.
It is further established that, during the course of the altercation, one Silvio Padrevito, president of the defendant Harbil Restaurant, Inc., and manager and operator thereof, chased *914 the assailant of Anthony Cliiarmonte into the street, but was unable to apprehend him.
Thereafter Silvio Padrevito, president of the defendant Harbil Bestaurant, Inc., visited Chiarmonte at the hospital; at no time did Cliiarmonte institute suit or make any claim against Harbil for the injuries sustained on September 3, 1955 until May, 1956, a period of about seven months thereafter. It was at that time that the defendant Harbil notified its broker, Davis Dorland & Company, that it had received a summons and complaint against it, wherein Chiarmonte was the plaintiff, charging it with liability for the assault upon him on September 3, 1955.
When the summons and complaint were forwarded to the insurance company, the plaintiff herein, it advised the defendant Harbil Bestaurant, Inc., by letter of May 31, 1956, that in view of the violation of the requirements of the policy, the company was undertaking the investigation and defense of the suit, but did so subject to a full reservation of all its rights under its policy, with the understanding that no action heretofore or hereafter taken by it in behalf of the defendant Harbil should constitute a waiver or modification of any of the terms and conditions of its policy. It also stated that it was understood that in taking up the defense of this action the company reserved the right to avail itself of any and all defenses which it might have under its policy, and was not limited to those mentioned in the letter of disclaimer.
Plaintiff insists that the failure to give notice “ as soon as practicable ”, as provided for under the terms of its policy herein, relieved it of its obligation; that it had the right to disclaim the risk; and that the defendant Harbil Bestaurant, Inc., was not entitled to the protection of the policy because of its breach of agreement, in failing to give proper notice.
Under conditions of the policy, paragraph (d) thereof, it is provided as follows: “ (d) Assault and Battery. Assault and battery shall be deemed an accident unless committed by or at the direction of the insured.”
Under the terms of the policy, defendant was covered for the following:
“ I. Coverage A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.”
*915 In addition thereto, there was a further indorsement in the policy which provided as follows:
“ It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability applies subject to the following provisions:
“1. In Insuring Agreement I, the words ‘ and caused by accident ’ and 1 caused by accident, ’ whichever appear, are deleted, and elsewhere the word ‘ accident ’ is amended to read ‘ occurrence. ’
“ 2. ‘ Occurrence ’ means an event, or continuous or repeated exposure to conditions, which unexpectedly causes injury during the policy period. All such exposure to substantially the same general conditions existing at or emanating from each premises location shall be deemed one occurrence.
“ 3. The premium for this endorsement shall be 1% of the Bodily Injury Liability premium determined in accordance with the other terms of the policy. ’ ’
Plaintiff contends that, by virtue of this indorsement and the provisions of the policy under “ Conditions ” referred to as “ D ”, it was incumbent upon the defendant Harbil Restaurant, Inc., to have reported this incident within a reasonable period of time, and that, by waiting until May 28, 1956, to notify it, the plaintiff did not act in accordance with the terms of the policy, and did not notify the company 1 ‘ as soon as practicable ”.
The sole issue to be determined by the court is whether the conduct of the defendant Harbil Restaurant, Inc., on the question of notice is sufficiently explained and excused by the testimony of its president, to the effect that he was not aware that any liability attached to him by virtue of the assault which took place in the defendant’s restaurant. He testified that, since he in no way participated in this incident, and it was a fight between two customers, he did not know that he was under any obligation to report the same to the insurance company, nor was he aware that he could be held legally liable for such a situation.
A review of the authorities indicates to the court that there is a triable issue as to whether timely notice was given by defendant Harbil to the plaintiff herein. (See Gluck v. London & Lancashire Ind. Co. of America, 2 A D 2d 751, affd. 2 N Y 2d 953; Brennan v. Travelers Ins. Co., 269 App. Div. 1020, affd. 295 N. Y. 849; Greaves v. Public Service Mut. Ins. Co., 4 A D 2d 609.)
The court is of the opinion that the defendant Harbil, acting through its officer, Silvio Padrevito, has reasonably explained *916 his failure to give notice herein prior to the time the summons and complaint Avere served, in that as a layman he Avas not aAvare of the fact that Avlien an assault occurred, he Avould be covered by the terms of the policy Avhen he Avas in no Avise involved therein, nor did he liaA*e any reason to believe there Avere any legal implications as far as his corporation Avas concerned. He impressed the court Avith his candor and the court accepts his testimony as credible. It is consistent with the immediate notice given by him to the plaintiff herein when the summons and complaint Avere in fact served upon Harbil, defendant corporation.
For the foregoing- reasons the complaint is dismissed on the merits and judgment is rendered for the defendants herein.